IN THE
TENTH COURT OF APPEALS
No. 10-10-00150-CV


WILLIAM MACON,

                                                          Appellant

 v.

TDCJ-ID, ET AL,

                                                          Appellees

_____

From the 278th District Court
Walker County, Texas
Trial Court No. 24,659

_____

## DISSENTING OPINION

_____

The problem presented in this appeal is a recurring problem in inmate litigation against State employees and the State:  After suit is brought, some defendants are served and some are not; a dismissal of some defendants is granted—maybe even of all the defendants that have been served; and then an appeal.  The question we must first decide is whether we have jurisdiction of the appeal.

## JURISDICTION AS AN INTERLOCUTORY APPEAL?

The Court relies on *Fuller* to hold that as an interlocutory appeal, we have no jurisdiction to review the trial court's order/judgment of dismissal. *See Fuller v. Moya*, No. 10-09-00294-CV, 2009 Tex. App. LEXIS 9596 (Tex. App.—Waco Dec. 16, 2009, no pet.) (mem. op.). This is based upon the Court's determination, in reliance on *Fuller*, that the judgment is not final. Even if the judgment is not final, we nevertheless have jurisdiction of this proceeding as an interlocutory appeal expressly authorized by statute. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2011). The served defendants filed a plea to the jurisdiction requesting a dismissal of the case pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code. *Id*. § 101.106(f) (West 2011). An interlocutory appeal is permitted from an order which either grants or denies a plea to the jurisdiction by a governmental unit. *Id*. § 51.014(a)(8) (West Supp. 2011). To give the phrase "grants or denies" its full effect, section 51.014(a)(8) must allow an appeal to be filed by both a non-governmental plaintiff challenging the grant of a plea to the jurisdiction and a governmental defendant challenging the denial of one. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 843 (Tex. 2007). Further, State officials or employees may file a plea to the jurisdiction and may appeal its denial pursuant to Section 51.014(a)(8). *See id*. at 844-845. Because Macon is appealing from the trial court's order granting the defendants' plea to the jurisdiction brought by a governmental unit, Macon is permitted, by statute, to appeal that interlocutory order.

## JURISDICTION AS AN APPEAL OF A FINAL JUDGMENT?

We would also have jurisdiction of this appeal if it is an appeal of a final judgment. On this issue, I agree with the Court that the text of the order is not always determinative of the legal analysis of finality. Further, I agree that what happens after the order of dismissal, specifically the conduct of the parties and the trial court, is important to the analysis but also is not necessarily determinative. For example in one of our cases, *Fuller*, mentioned above and relied upon by the Court, the defendants that had been served before the dismissal order was rendered answered and the plaintiff/inmate continued to have other defendants served and continued to prosecute his case in the trial court against the other defendants. The order of dismissal in that proceeding did not have any indication of finality as to the other defendants or the intent to address the entire relief requested in the proceeding. The dismissal order simply dismissed the suit as against the two defendants that had been served and had filed a motion to dismiss. In what could be characterized as an abundance of caution, the inmate, Fuller, also filed an appeal which we dismissed because we determined we had no jurisdiction of the interlocutory appeal because we determined that based on the wording of the order of dismissal and the subsequent activity of the parties and the trial court, the trial court did not intend the dismissal order of only some of the defendants to be a final judgment in the trial court proceeding. *Id*. at *2-3.

This proceeding, however, is different. Like *Fuller*, in this proceeding all the defendants that had been served were dismissed. Unlike *Fuller*, the trial court's order contains language that indicates finality; a version of the traditional Mother-Hubbard clause. And also unlike *Fuller*, Macon's subsequent conduct indicates that he believes the judgment is final and he does not intend to take any further action in the trial court until the appeal is resolved. Specifically, the only defendant not served is a named building owned by TDCJ, and Macon contends that the clerk erred in not properly effecting service.

Macon has thus indicated by his conduct and his complaint on appeal that he is going to take no further action in the trial court to serve the remaining defendant. If this appeal is dismissed, the matter will sit on the trial court's docket with nothing for the trial court to rule upon or decide. Presumably, it will sit there until one of the parties takes some additional action, although what that action may be is not clear, or until it is dismissed for want of prosecution.

It is clear that the parties believe that the trial court intended a final judgment. The judgment is labeled "ORDER OF DISMISSAL AND FINAL JUDGMENT" and ends with the order that: "The court denies all relief not expressly granted in this judgment." Therefore, the judgment disposes of every defendant that was served and all the relief requested. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Macon's issue

on appeal is whether the clerk erred in some manner in connection with failing to effectuate service on the remaining named defendant.[1]

Based on the facts in this proceeding I would hold that the trial court intended a final judgment and that the judgment is final for purposes of appeal and proceed to address the legal merits of Macon's issue on appeal since the briefs on the merits have already been filed.

## CONCLUSION

Accordingly, I respectfully dissent from the determination that we have no jurisdiction of this appeal.


TOM GRAY
Chief Justice

Dissenting Opinion issued and filed May 23, 2012

---

[1] Macon apparently contends in the alternative in his brief that the remaining defendant was actually served.